IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HARPER ENGINEERING COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CA No. 1:20-cv-00510-KD-C |
| | : | |
| FACC OPERATIONS GmbH, and AIRBUS AMERICAS, INC., | : | |
| | : | |
| Defendants, | : | |

## REPORT AND RECOMMENDATION

On November 15, 2021, Defendant Airbus Americas, Inc. ("Airbus") moved to stay this action pending the Patent Trial and Appeal Board's ("PTAB") resolution of Airbus's *inter partes* review ("IPR") petitions challenging the validity of all claims of the two patents at issue in this action, U.S. Patent No. 10,760,315 and U.S. Patent No. 10,801,244 ("Patents-in-Suit"), asserted by Plaintiff Harper Engineering Company ("Plaintiff" or "Harper"). Doc. 116. A response in opposition to the motion to stay was filed by Harper on December 3, 2021. Doc. 125. Harper filed a notice regarding its response on December 9, 2021. Doc 127. Airbus filed a reply to the notice on December 10, 2021. Doc. 129. Airbus filed

1

a notice regarding its reply on December 13, 2021. Doc. 130. After careful consideration of the motion, the briefs of the parties, the above-referenced notices, and for the reasons discussed below, Airbus's motion to stay should be **GRANTED**.

## I. Background

On October 15, 2020, Harper filed a complaint against defendant FACC AG alleging patent infringement and trade secret misappropriation. Doc. 1. On November 4, 2020, Harper filed a first amended complaint adding Airbus as a defendant and alleging patent infringement claims against Airbus. Doc. 7. On January 26, 2021, Harper filed a second amended complaint substituting FACC Operations GmbH ("FACC") for FACC AG. On November 11, 2021, Harper filed a motion for leave to file a third amended complaint against Airbus and FACC. Doc. 99. The Court granted that motion on November 12, 2021. Doc. 115.

On July 20, 2021, the Court entered its Rule 16(b) Scheduling Order ("Scheduling Order"). Doc. 82. In the Scheduling Order, the Court set a trial date "during the month of February 2023, the specific dates to be set at the Final Pretrial Conference." Scheduling Order at 2. The Court

ordered discovery to proceed in two phases: the first phase ending on December 1, 2021, and the second phase ending "seventy-seven days after the Court enters a claims construction order." *Id.* at 4.

On November 12, 2021, Airbus filed two petitions for IPR with the PTAB of the United States Patent & Trademark Office. IPR2022-00192 challenges the validity of all the claims of U.S. Patent No. 10,760,315, while IPR2022-00195 challenges the validity of all the claims of U.S. Patent No. 10,801,244. IPR2022-00192, Paper 1 (PTAB Nov. 12, 2021); IPR2022-00195, Paper 1 (PTAB Nov. 12, 2021). The PTAB is expected to render its decisions on whether to institute the two IPRs within six months from filing. *See* 35 U.S.C. § 314(b).

## II. LEGAL STANDARD

A decision to grant a stay is a matter of discretion. *See Connor v. Secretary, Florida Dept. of Corrections*, 713 F.3d 609, 619 (11th Cir. 2013). Indeed, "'[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of the USPTO….'" *Southwire Co. v. Cerro Wire, Inc.*, No. 3:08-CV-92-JTC, 2009 U.S. Dist. LEXIS 131922, *6-7 (N.D. Ga. May 12, 2009) (citations omitted). "Several courts have noted the benefits of staying infringement litigation pending an IPR,"

3

such as disposing of the patent and ending the case; streamlining discovery issues, defenses, evidence and trial; encouraging settlement; and reducing costs for the Court and the parties." *Epic Tech, LLC v. Pen-Tech Assocs., Inc.*, No. 1:20-CV-2428-MHC, 2020 WL 8258736, at *2 (N.D. Ga. Sept. 28, 2020) (*citing Tomco2 Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008)).

A stay of the proceedings in this Court pending the resolution of PTAB's review of the IPR petitions should be based on a consideration of the totality of circumstances before the Court. Courts in this Circuit generally consider three factors in determining whether a stay pending resolution of IPR proceedings is appropriate: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *See, e.g.*, *Interface, Inc. v. Tandus Flooring, Inc.*, No. 4:13-CV-46-WSD, 2013 WL 5945177, at *4 (N.D. Ga. Nov. 5, 2013) (quotations and citations omitted).

### III. ANALYSIS

It is not uncommon for courts in the Eleventh Circuit to "stay[] cases before the PTAB has decided whether to institute an *inter partes* review, noting the concrete, numerous, and well-recognized benefits of resort to the PTO as (1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties." *Pat. Asset Licensing, LLC v. Bright House Networks, LLC*, No. 3:15-CV-742-J-32-MCR, 2016 WL 4431574, at *3 (M.D. Fla. Aug. 22, 2016) (internal quotation omitted); *see also The Board of Trustees of The University of Alabama et al. v. Boston Scientific Corp. et al.*, No. 2:14-cv-01800-SGC at 5 (N.D. Ala. August 21, 2015) (granting stay pre-institution and noting "although a grant of IPR may result in greater simplification of the issues than a denial of IPR, even the latter outcome may confer some benefit on this action"); *Autoliv ASP, Inc. v. Hyundai MOBIS Co., Ltd. et al.*, No. 2:13-cv-00141, 2014 WL 12740260, at *2 (M.D. Ala. July 29, 2014) (granting stay pre-institution and noting "the court is not overly troubled by the fact that the IPR petition has only been filed and the PTAB has yet to decide on whether to institute proceedings");

5

*Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-CV-2669-MHC, 2017 WL 11629195, at *8 (N.D. Ga. Nov. 13, 2017) (granting stay pre-institution because the "PTAB's decision may narrow the issues between the parties"); *Epic Tech*, 2020 WL 8258736, at *4 (granting stay pre-institution because "[s]taying the case could eliminate some or all of the asserted claims and streamline the case by resolving issues that would otherwise need to be addressed by the Court"); *Interface*, 2013 WL 5945177, at *5 (granting stay pre-institution because "the Court finds that any delay that may occur while the PTO review is processed is outweighed by the benefits of awaiting PTO review"); *Aegis 11 SA v. Hisense Co., Ltd. et al.*, No. 1:20-cv-03891-MHC at 9 (N.D. Ga. June 23, 2021) (granting stay pre-institution because "the outcome of the IPR proceedings could eliminate some or all of the asserted claims and streamline the case by resolving issues that would otherwise need to be addressed by the Court"); *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-CV-3004-T-33-MAP, 2014 WL 4059886, at *4 (M.D. Fla. Aug. 14, 2014) (granting stay pre-institution because "absent a stay, the litigants and the Court will invariably expend significant time and resources conducting discovery, engaging in claim construction and

preparing for trial"); *Capriola Corp. v. LaRose Indus., LLC*, No. 8:12-CV-2346-T-23-TBM, 2013 WL 1868344, at *2 (M.D. Fla. Mar. 11, 2013) (granting stay because "if the PTO declines *inter partes* review, little time is lost, but if PTO grants *inter partes* review, the promise is greater for an important contribution by the PTO to resolution of the governing issues in the litigation").

Under a totality-of-circumstances analysis, a stay should also be granted here. All three factors that assist the Court's analysis support staying this case. First, a stay will unquestionably simplify and streamline the issues in the instant litigation regardless of the outcome of Airbus's IPR petitions. Second, the stage of the litigation also favors a stay as this case is in the early procedural stages. And third, Harper will not suffer undue prejudice or disadvantage because of a stay because Airbus acted in a timely manner both in filing its IPR petitions and in seeking this stay, the parties are not in direct competition, and Harper's potential remedies would be unaffected by a stay. On balance, granting a stay will significantly reduce the burden of litigation on the parties and the Court by avoiding duplicative efforts and conserving resources.

### A. Discovery Is In Its Early Stages

Discovery is underway and governed by the Rule 16(b) Scheduling Order. Doc. 82. Trial is not set on a date certain but is scheduled during the February 2023 civil term unless circumstances existing at the time of the final pretrial conference indicate otherwise. This means, at a minimum, that the parties have more than a year of litigation to complete. *Id.*

The parties have conducted initial fact discovery but have not taken any depositions. Initial discovery issues remain pending as articulated in Harper's Motion to Compel, as supplemented (Docs. 137, 141 & 142). All fact discovery is not set to conclude for five months, expert discovery will not conclude for eight months, and the parties have not begun ESI discovery—meaning there are large efficiencies to be gained by both the Court and the parties by staying this case now.

The Court has not yet ruled on pending motions to dismiss filed by each party—Airbus, FACC, and Harper. *See* Doc. 29 (Airbus's Motion to Dismiss); Doc. 33 (FACC's Motion to Dismiss); Doc. 37 (Harper's Motion to Dismiss). Harper's request to file its third amended complaint is pending, Airbus has not yet answered, and the Court has not held a claim construction hearing.

"Cases in [such] early stages of litigation are well-positioned for a stay." *IP Co., LLC v. Tropos Networks, Inc.*, No. 1:06-CV-0585-CC, 2014 WL 12622444, at *2 (N.D. Ga. Mar. 5, 2014) (finding that stage of the litigation weighed in favor of a stay where no claim construction hearing or trial date had been set and the parties had not engaged in any significant discovery, even though the case had been pending for several years); *see also Intellectual Ventures II LLC v. SunTrust Banks, Inc.*, No. 1:13-CV-02454-WSD, 2014 WL 5019911 (N.D. Ga. Oct. 7, 2014) (finding that case was "at an early stage," favoring a stay, where neither party had moved for summary judgment and the trial date had not been set, even though four depositions had been taken). Because "there is more work ahead of the parties and the Court than behind," this factor weighs in favor of a stay. *Aegis 11*, No. 1:20-cv-03891-MHC, slip op. at 7 (internal citations omitted).

### B. A Stay Will Simplify The Issues In This Case

A stay will result in simplification of the issues for both of the Patents-in-Suit in this case regardless of the outcome of the PTAB's review.

Airbus's petitions challenge all the claims of both Patents-in-Suit. PTAB statistics reveal that IPR institution rates by patent fluctuated between 64-73% from FY2016 to FY2020. United States Patent and Trademark Office, *PTAB AIA FY2020 Roundup*, https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2020_roundup.pdf. (See pp. 9-10; last visited on January 16, 2022). After institution, more than half (53%) of all challenged claims were found unpatentable in FY2020. *Id.* at 16. It is probable that the PTAB's determinations in the pending IPRs will reduce the number of patents and claims that need to be resolved in this litigation. Additionally, a stay would also give the parties an opportunity to explore settlement.

Even if the PTAB finds only some of the challenged claims invalid, this case would be simplified by a reduction of the claims in dispute. And for all remaining claims, Airbus as "the challenger in the *inter partes* proceeding[,] is estopped from asserting invalidity on the same grounds, in subsequent litigation." *Interface*, 2013 WL 5945177, at *3 (citing 35 U.S.C. § 311); *see also* 35 U.S.C. § 315(e) ("The petitioner in an inter partes review … may not assert … that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that

inter partes review."). Specifically, Airbus has agreed to a broad estoppel provision endorsed by the PTAB. *See Sotera*, IPR2020-01019, Paper 12 at 18-19; Doc. 116-1 at PageID.1329 and Doc. 116-2 at PageID.1427 ("[T]o avoid any duplication of efforts between the district court and the Board, if the Board institutes trial on this Petition, Petitioner hereby stipulates to cease asserting in the co-pending litigation any prior art ground raised in this Petition as well as any ground that Petitioner reasonably could have raised."); *Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12 at 18-19 (Dec. 1, 2020) (estoppel "mitigates any concerns of duplicative efforts between the district court and the Board, as well as concerns of potentially conflicting decisions") (precedential as to § II.A).[1] This estoppel provision assures that the Court will benefit from the efforts before the administrative agency—and that the present litigation

---

[1] "In *Sotera Wireless, Inc. v. Masimo Corporation*, the PTAB confirmed that the petitioner's broad stipulation 'weighs strongly in favor of not exercising discretion to deny institution.' IPR2020-01019, Paper 12 at 19 (Dec. 1, 2020) (precedential). There, the petitioner stipulated that it will not pursue the specific grounds asserted in its IPR petition or any other ground 'that was raised or could have been reasonably raised in an IPR (i.e., any ground that could be raised under [35 U.S.C. §§ 102 or 103] on the basis of prior art patent[s] or printed publications).' Id. at 13-14, 18. The PTAB accepted the stipulation because its broad nature better addresses concerns of duplicative efforts and potentially conflicting decisions than a narrow stipulation would. The broad stipulation also ensures that an IPR is a 'true alternative' to adjudicating the validity issues in the parallel district court proceeding. Id. at 19."
28 No. 13 Westlaw Journal Intellectual Property 03.

will be narrowed in scope—regardless of the outcome of the IPR proceedings.

Co-defendant, FACC, has agreed to a more limited estoppel that also carries the potential to significantly limit the issues pending in this action. Doc. 130-1, PageID.1770. ("Nevertheless, for purposes of the motion to stay, FACC agrees that, if Airbus' motion to stay is granted and the PTAB issues a Final Written Decision in one or both of Airbus' IPRs, FACC will not raise in this litigation any invalidity ground asserted by Airbus in its instituted IPR petition(s)."). See *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Communications (U.S.A), Inc.*, 2015 WL 13333678, at *5 (N.D.Cal., May 6, 2015) ("[T]he Court's decision to grant a stay is conditioned on Defendants' agreement to be estopped from arguing any ground raised in the IPR on which a final decision is rendered. With this condition in place, a stay has the potential to greatly simplify these Court proceedings, weighing in favor of a stay."); *cf. Rothschild Storage Retrieval Innovations, LLC v. Nokia, Inc.*, C.A. No. 1:14-CV-22657, Doc. 39 at 2 (S.D. Fla. Sept. 28, 2015) ("Both Parties also agree to be bound by the same limited estoppel as the defendants in the Northern District of California cases.").

IPR proceedings routinely narrow and streamline the issues in litigation because:

> All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]
>
> Many discovery problems relating to prior art can be alleviated by the PTO examination[;]
>
> In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]
>
> The outcome of the reexamination may encourage a settlement without the further use of the Court[;] …
>
> Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]
>
> The cost will likely be reduced both for the parties and the Court.

*Epic Tech*, 2020 WL 8258736, at *2 (alterations in original) (observing that the same benefits apply equally to "staying infringement litigation pending an IPR") (J. Cohen) (*quoting Tomco2,* 542 F. Supp. 2d at 1307 (discussing the related PTO procedure of reexamination)).

This Court will benefit from the IPR proceedings. At a minimum, the findings and expertise of the PTAB in the IPR proceedings will "assist the Court in defining the scope of the claims at issue and rendering an ultimate determination as to infringement." *IP Co.*, 2014 WL 12622444

at *3. The same benefits hold whether the PTAB issues a decision denying institution or whether it grants institution and proceeds to a Final Written Decision on the merits of the petition. "The PTO's resolution of [] issues will likely prevent duplicative efforts and conserve significant time and resources of both the parties and the Court. . . . [leading to] this factor weigh[ing] in favor of a stay." *Id.*

Airbus has identified a number of courts in this Circuit that have determined as beneficial the granting of stays once IPR petitions have been filed challenging all of the claims at issue in the litigation, even if the motion to stay is filed prior to the PTAB's decision on whether to institute the IPR proceedings. *See, e.g., Interface*, 2013 WL 5945177, at *5 (stay entered before IPR petition was instituted because any delay was "outweighed by the benefits of awaiting PTO review."); *Aegis 11,* Case No. 1:20-cv-03891-MHC, at 9 (staying case prior to institution of IPR because "[s]taying the case pending the outcome of the IPR proceedings could eliminate some or all of the asserted claims and streamline the case by resolving issues that would otherwise need to be addressed by the Court"); *The Board of Trustees of The University of Alabama et al.*, Case

No. 2:14-cv-01800-SGC, at 6 (granting a stay prior to institution of IPR petition); *Autoliv ASP, Inc.*, 2014 WL 12740260 at *2 (same).

A complete finding of invalidity by the PTAB will obviate all of Harper's patent claims against Defendants. A partial finding of invalidity will reduce the number of claims in dispute and estop Defendants from asserting certain invalidity arguments for any remaining claims. A finding of validity will still estop Defendants from asserting certain invalidity arguments for all remaining claims. Thus, this second factor weighs in favor of a stay.

### C. Harper Will Not Suffer Undue Prejudice

Harper will not suffer undue prejudice or tactical disadvantage from the requested stay, particularly given that the PTAB will decide whether to institute Airbus's IPR petitions in less than six months, and the Court can reconsider the stay at that time. The fact that PTAB has not granted an IPR at this stage of the proceeding only weighs "slightly in favor of finding undue prejudice," *Prime Focus Creative Servs. Canada Inc. v. Legend3D, Inc.*, No. CV-15-2340-MWF (PLA), 2015 WL 12746207, at *4 (C.D. Cal. Sept. 23, 2015), but under the totality of the circumstances, this is not enough to deny a stay in view of the benefits of

15

a stay noted above. And Harper's remaining arguments that it would suffer prejudice if a stay were imposed lack merit.[2]

Airbus has not acted in a dilatory manner. Airbus timely filed its IPR petitions less than two months after it served its invalidity conventions and within the statutorily allotted period. *See* 35 U.S.C. § 315(b). Airbus filed its motion to stay in this Court on the next business day after filing its IPR petitions.

Harper is not tactically disadvantaged because Airbus cannot "repackage" its arguments or "game" the Court. Airbus has voluntarily agreed to a broad prior art estoppel meaning that Airbus will receive just one chance to argue the invalidity of Harper's patents in view of prior art patents and publications—either at the PTAB (if Airbus's IPR petitions are instituted) or at the district court (if Airbus's IPR petitions are not instituted). Co-defendant, FACC, has also agreed to be bound by the decisions of the PTO, so Harper would not be required to re-litigate the

---

[2] The Court does not find that the "advanced age" of Mr. LaConte, only one of the named inventors of the Patents-In-Suit, creates any undue prejudice. Harper has not explained why Mr. LaConte's memory of the events leading up to the development of the asserted patents (which claim priority back to 2017) would be any different after the expiration of a stay.

16

same invalidity defenses twice—once against Airbus before the PTAB, and once against FACC in this Court.

Harper will not suffer undue prejudice by Airbus's continued manufacturing and sale of Airspace XL bins during a stay. Airbus and Harper are not competitors. And "Plaintiff has neither sought preliminary injunctive relief nor offered a reason why the choice to forgo such cannot be interpreted as the adequacy of monetary damages." *Prime Focus*, 2015 WL 12746207, at *6.

Additionally, a stay will be short lived if the PTAB decides to deny the IPR petition. Even if an IPR is instituted, the Court may reconsider the stay. And Harper too will benefit from the many well-recognized advantages of the IPRs for the Court and the parties in this case, such as reduced litigation costs and additional clarity from the PTAB regarding the validity of the Patents-in-Suit. On the whole, this factor weighs in favor of a stay.

## IV. Conclusion

For the foregoing reasons, the Court finds that the totality of circumstances favors a stay and therefore **RECOMMENDS** that

17

Airbus's motion to stay (Doc. 116) be **GRANTED**. It is further recommended that:

1. This action be **STAYED** pending a final decision of the PTAB on the IPR petitions filed by Airbus, including any related appeals;

2. That all pending motions be **DENIED WITHOUT PREJUDICE** to being renewed once the stay is lifted;

3. That the Clerk be directed to close this action administratively; and

4. That any party be authorized to move to reinstate the action within thirty days of receiving notice of a final resolution of the IPR petitions.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on un-objected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object."  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **SUBMITTED** this 18th day of January 2022.

<u>s/WILLIMA E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**